1 | John van Loben Sels (SBN 201354)
jvanlobensels@fishiplaw.com
2 | Jennifer Shih (SBN 276225)
jshih@fishiplaw.com
3 | Brian Kim (SBN 309962)
bkim@fishiplaw.com
4 | FISH IP LAW, LLP
2603 Main Street, Suite 1000
5 | Irvine, California 92614
Telephone: (949) 943-8300
6 | Facsimile: (949) 943-8358

7 | *Attorneys for Plaintiff*

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| PAUSE COMMERCIALS, INC., a California Corporation<br><br>Plaintiff,<br><br>v.<br><br>HULU, INC.; and DOES 1-10, inclusive, a California Corporation<br><br>Defendant | Case No.: 2:20-cv-11056<br><br>**COMPLAINT FOR PATENT INFRINGEMENT**<br><br>**DEMAND FOR JURY TRIAL** |

COMPLAINT

1. Plaintiff, by and through its attorneys of record, alleges as follows:

**PARTIES**

2. Plaintiff, Pause Commercials, Inc. ("PUCs"), is a corporation organized and existing under the laws of the State of California, with a place of business at 12028 National Blvd., Los Angeles, CA 90064.

3. Upon information and belief, Defendant, Hulu, Inc. ("Hulu" or "the Defendant"), is a wholly owned corporation organized and existing under the laws of the State of California, with its principal place of business at 2500 Broadway, Santa Monica, CA 90404.

4. Plaintiff does not know the true names and capacities of defendants sued in this Complaint as Doe 1 through Doe 10, inclusive, and therefore sues these defendants by fictitious names. Plaintiff will amend this Complaint to allege the true names and capacities of Doe 1 through Doe 10, inclusive, when ascertained.

**JURISDICTION & VENUE**

5. This is an action for patent infringement arising under the patent laws of the United States, 35 U.S.C. §§ 1, *et seq*. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1338(a).

6. This Court has personal jurisdiction over Hulu. Hulu has conducted and does conduct business within this District. Hulu has committed acts giving rise to this action within California and this judicial district. Hulu's infringing products and/or services, have been and continue to be purchased and used by consumers in this District.

7. Venue is proper pursuant to 28 U.S.C. §§1391(b), (c) and 1400(b) because Hulu has an established place of business in this District and has committed acts within this district, including one or more acts of selling, using, importing and/or offering for sale infringing products or providing support

service to Hulu's customers in this District.

## BACKGROUND

8. PUCs was founded in 2017 in Los Angeles, California, by Charles Johnson, an African American entrepreneur who previously worked in the film and television industry as a writer and distributor. After writing for various TV shows & distributing a handful of films (projects) through home video and movie theaters, he projected that streaming such projects over the internet (OTT) would be the future preferred method of distribution. He also assumed that pausing would create advertising inventory that could be sold to monetize such projects, and projected that advertisers would pay to display their ads in this paused inventory via OTT.

9. In 2018, Mr. Johnson collaborated with Ramin Nadaf, who became the Co-Founder and Chief Technology Officer of PUCs, and built a prototype to demonstrate this method through their proprietary technology. They also secured contracts with OTT advertising platforms to deploy this method from prototype to sellable product.

10. In 2019, while building a team of experts, consisting of women and people of color with decades of success in technology, advertising, entertainment, and business, Hulu launched the same OTT service as PUCs, using PUCs' same patent-pending method to monetize projects they were distributing via OTT. In 2020, PUCs was issued the patent for this method via OTT by the USPTO, requiring Hulu to negotiate a deal with PUCs to continue monetizing their projects via this method .

11. PUCs owns all rights, title and interest to U.S. Patent No. 10, 278, 619 ("the '619 Patent"), entitled System and Methods for Playback Responsive Advertisements and Purchase Transactions, issued on July 28, 2020. A true and correct copy of the '619 Patent is attached hereto as Exhibit A.

12. Claim 1 is a representative claim of the '619 Patent. Claim 1 of the '619 Patent claims the following:

> A method for displaying tailored advertising in response to user media playback behavior via an over-the-top data delivery system, comprising
>
> verifying an identity of the user;
>
> analyzing historical data associated with the identity, wherein the historical data includes patterns of user behavior associated with one or more advertisements;
>
> detecting media playback by the user;
>
> analyzing content associated with the media playback;
>
> retrieving an advertisement rule associated with the user;
>
> queuing user tailored advertisements based on the analyzed content and the advertisement rule; and
>
> delivering an advertisement from any one or more third-party services in response to detecting a pause in the media playback.

13. The '619 Patent concerns a method of delivering video and display ads, as well as making transactions, when users pause any device on over the top ("OTT") media space.

14. PUCs owns all substantial and material rights to and interest in the '619 Patent, including the right to recover damages for all past and future infringement thereof.

15. The '619 Patent is valid and enforceable.

16. On August 14, 2020, PUCs sent a letter to Hulu which advised Hulu that its use of the pause ad technology infringes claims of the '619 Patent. In response, Hulu did not agree to cease using the '619 Patent inventions. Nor did PUCs and Hulu agree to a license permitting Hulu's continued use of the '619 Patent's inventions. Finally, Hulu did not pay, or agree to pay, PUCs for Hulu's past infringement of the '619 Patent.

**COUNT ONE: DIRECT INFRIGEMAINT OF THE '619 PATENT**

17. PUCs incorporates by reference the above paragraphs as if fully set forth herein.

18. Hulu has infringed and/or continues to infringe the '619 Patent.

19. Hulu, without authorization or license from PUCs, has been and is presently directly infringing, literally or under the doctrine of equivalents, Claims 1-12 of the '619 Patent. Hulu is liable for direct infringement of the '619 Patent pursuant to 35 U.S.C. §271(a).

20. Hulu's infringing products include but are not limited to the following Hulu products and services (Hulu Infringing Products):

a). Hulu's Pause Ad https://advertising.hulu.com/d-products/pause-ad/



b). Hulu's Ad Selector: https://advertising.hulu.com/ad-products/ad-selector/



c). Hulu's GatewayGo: https://advertising.hulu.com/ad-products/gatewaygo/



d). Hulu's Binge Ad https://advertising.hulu.com/ad-products/binge-ad/



21. As reflected in Hulu's own product literature, Hulu's Pause Ad feature falls squarely into media playback territory as well-understood in the art, which included starting and stopping playback of a video. This functionality is specifically disclosed in at least claim 1 of the '619 Patent.

22. As reflected in Hulu's own product literature, Hulu's Binge Ad analyzes the media itself to determine how to deliver advertisements. This functionality is specifically disclosed in at least claim 1 of the '619 Patent.

23. A claim chart demonstrating Hulu's infringement of each of the claims of the '619 Patent is attached hereto as Exhibit B.

24. Hulu has received actual notice of infringement prior to this lawsuit.

25. Hulu has willfully infringed and/or does willfully infringe the '619 Patent.

26. Damages for infringement should be adequate to compensate for the infringement, but in no event less than a reasonable royalty, together with interest and costs. 35 U.S.C. §284.

**COUNT TWO: INDIRECT INFRINGEMENTOF THE '619 PATENT**

27. PUCs incorporates by reference the above paragraphs as if fully set forth herein.

28. Hulu indirectly infringes the '619 Patent by contributing to infringement by others, such as resellers and end-user customers, in accordance with 35 U.S.C. §271(c).

29. Since at least Hulu's receipt of the '619 Patent, Hulu and its partners and service operators, including merchants and end-users, that use Hulu Infringing Products, have been and are presently directly infringing at least claim 1 of the '619 Patent. Such partners and service operators include but is not limited to the following: The Trade Desk, Roku, Inc., Amazon Fire TV, Google Chromecast, Samsung, Vizio, iOS, Android, and Xbox.

30. Hulu is contributing to the infringement by others and/or inducing infringement by others, among other things by providing the pause ad feature.

31. Plaintiff is entitled to recover damages from Hulu to compensate it for Hulu's infringement, as alleged above, in an amount measured by no less than a reasonable royalty under 35 U.S.C. §284.

**PRAYER FOR RELIEF**

Plaintiff PUCs prays for judgment and relief as follows:

1. A judgement that Hulu has directly infringed the '619 Patent;
2. A judgment that Hulu has contributorily infringed the '619 Patent;
3. A judgment that Hulu's infringement of the '619 Patent is and has been willful;
4. A preliminary and permanent injunction preventing Hulu and its employees, licensees, and those in active concert or participation with any of them, from directly infringing, contributorily infringing, and/or

inducing infringement of the '619 Patent;

5. A judgment and order requiring Hulu to pay PUCs damages under 35 U.S.C. § 284, including supplemental damages for any continuing post-verdict infringement up until entry of the final judgment, with an accounting, as needed, and treble damages for willful infringement as provided by 35 U.S.C. § 284;

6. A judgment and order requiring Hulu to pay PUCs the costs of this action (including all disbursements);

7. A judgment and order requiring Hulu to pay PUCs prejudgment and post-judgment interest on the damages awarded;

8. A judgment and order requiring that in the event a permanent injunction preventing future acts of infringement is not granted, that PUCs be awarded a compulsory ongoing licensing fee; and

9. Such other and further relief as the Court may deem just and proper.

## DEMAND FOR JURY TRIAL

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff demands trial by jury in this action of all issues so triable

Dated: December 4, 2020        FISH IP LAW, LLP

*/s/ John van Loben Sels*
John van Loben Sels
Attorney for Plaintiff, Pause Commercials, Inc.

# CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the above and foregoing document was served on all counsel of record via the Court's CM/ECF system on December 4, 2020.

                              **Respectfully submitted,**

                              **FISH IP LAW, LLP**

Dated: December 4, 2020      */s/ John van Loben Sels*
                                        John van Loben Sels
                                        Attorneys for Plaintiff, Pause Commercials, Inc.